# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CRAIG MARKS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:15CV86   ACL |
| JOHN BLAKELY, et al., | ) ) ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of Craig Marks (registration no. unknown) for leave to commence this action without payment of the required filing fee. Having considered plaintiff's financial information, the motion will be granted, and plaintiff will be assessed an initial partial filing fee of $30.15. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $150.77, and an average monthly account balance of $75.85. Accordingly, the Court will assess an initial partial filing fee of $30.15, which is twenty percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim

upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."

*Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Complaint

Plaintiff, an inmate in Benton, Missouri, seeks monetary relief and release from prison in this 42 U.S.C. § 1983 action against detectives John Blakely and Unknown Rataj. Plaintiff alleges that he was charged with first degree murder on November 30, 2014. He claims he is innocent and that he is "imprison[ed] on self-defense charges" because defendants filed a false police report. In addition, plaintiff alleges that the Scott County Jail is charging him "for medical usage" and is withholding witness statements that could free him. Plaintiff states that he "should be free because of self-defense." He is suing defendants "in their own

4

compacity [sic]," which the Court will liberally construe as individual capacity.

## Discussion

A review of Missouri CaseNet reveals that plaintiff is presently facing state charges in Mississippi County, Missouri, for murder arising out of the November 30, 2014 incident. *See State of Mo. v. Marks*, No. 14SO-CR-01622-02. In *Younger v. Harris*, 401 U.S. 37, 46 (1971), the Supreme Court directed federal courts to abstain from hearing cases where "the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." *Harmon v. City of Kansas City, Missouri*, 197 F.3d 321, 325 (8th Cir. 1999); *see also*, *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996).

Having carefully reviewed the case at bar, the Court concludes that the *Younger* criteria are satisfied and that abstention is warranted. There is an ongoing state criminal judicial proceeding arising out of the November 30 arrest; plaintiff's allegations implicate important state interests; and an adequate opportunity exists in the state proceeding to raise constitutional challenges. Finding no "extraordinary circumstances" that would justify interfering with pending state judicial proceedings, the Court will dismiss the instant action,

without prejudice.  *See Younger*, 401 U.S. at 43-44.

To the extent that plaintiff is attempting to assert claims against the Scott County Jail, the claims are frivolous because jails are not suable entities.  *See Lair v. Norris*, 32 Fed. Appx. 175, 2002 WL 496779 (8th Cir. 2002); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (§ 1983 suit cannot be brought against state agency), *cert. dismissed*, 529 U.S. 1001 (2000); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (jails are not entities amenable to suit).  Last, to the extent that plaintiff is seeking release from confinement, his claims are cognizable under 28 U.S.C. § 2254, not 42 U.S.C. § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) (habeas corpus is the appropriate remedy for prisoners attacking the validity of the fact or length of their confinement). For these reasons, the Court will dismiss this action pursuant to § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $30.15 within thirty (30) days from the date of this order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court,"

and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 20th day of July, 2015

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE